

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

WILLIAM PAUL BURCH, §
 §
  Plaintiff, §
 §
VS. § NO. 4:19-CV-629-A
 §
FREEDOM MORTGAGE CORP., §
 §
  Defendant. §

MEMORANDUM OPINION AND ORDER

Now pending are the motion of defendant, Freedom Mortgage Corporation, to dismiss and the motion of plaintiff, William Paul Burch, for partial summary judgment. The court, having considered the motions, the responses, the reply in support of plaintiff's motion, the record, and applicable authorities, finds that defendant's motion should be granted and that plaintiff's motion should be denied.

I.

Plaintiff's Claims

The operative pleading is plaintiff's amended complaint filed August 27, 2019. Doc.[1] 12. In it, plaintiff alleges:

The subject of the action is property located at 1006 Nancy Lane, Lancaster, Texas. Doc. 12, ¶ 7. The property was purchased with a loan made by defendant. Id. ¶ 8. In December 2008,

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

plaintiff filed for relief under Chapter 11 of the Bankruptcy Code under Case No. 08-45761-RFN-11. Id. ¶ 10. On December 9, 2009, the bankruptcy court approved a plan of reorganization. Id. ¶ 11; Doc. 13, Ex. C. Defendant failed to abide by the plan, immediately defying the order confirming the plan by issuing in January 2010 a notice of intent to foreclose. Doc. 12, ¶ 12. By letters dated January 31, 2011, plaintiff gave notice of defendant's violation of the confirmation order, threatening that he would be proceeding within 30 days to remove any encumbrances to the property. Id.; Doc. 13, Ex. J. On January 14, 2011, defendant foreclosed on the property. Doc. 12, ¶ 15.

Plaintiff asserts causes of action under Tex. Prop. Code § 53.160, for violation of Texas Penal Code § 32.49, for violation of Texas Penal Code § 32.45, for violation of Tex. Civ. Prac. & Rem. Code § 12.003, for breach of contract, and to quiet title.

II.

Grounds of the Motions

Defendant urges that plaintiff's claims are barred by limitations. In addition, plaintiff lacks standing to assert claims under the Texas Penal Code; Chapter 53 of the Texas Property Code pertains only to mechanic's and materialman's liens; and, defendant does not owe plaintiff any fiduciary duties.

2

Although difficult to follow, the gist of plaintiff's motion appears to be that his claims are not barred by limitations.

III.

## Applicable Standards of Pleading and Review

A. <u>Rules of Pleading</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. <u>Twombly</u>, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

3

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29.

4

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986); Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

B.  Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence

5

of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of

law.[2] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

A. Tort Claims

Defendant maintains that plaintiff's claims based on fraudulent lien (Tex. Civ. Prac. & Rem. Code § 12.003), breach of contract, and quiet title are barred by limitations. Ordinarily, the court does not consider limitations at the motion to dismiss stage. However, limitations is the subject of plaintiff's motion for partial summary judgment and he has provided documents pertinent to the issue.

Plaintiff pleads that the lien against the property was foreclosed on January 14, 2011. Doc. 12, ¶ 15. Plaintiff knew and believed at that time that defendant had breached the bankruptcy plan, as he sent a demand letter saying that the note was no longer in effect and the lien was to be removed. Id. at ¶ 14. A four-year limitations period applies to a fraudulent lien claim

---

[2] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

7

such as this, breach of contract, and quiet title based on voidable lien. Tex. Civ. Prac. & Rem. Code § 16.004(a) (West 1999); Vanderbilt Mortgage & Fin., Inc. v. Flores, 692 F.3d 358, 366 (5th Cir. 2012); Bryant v. CIT Grp./Consumer Fin., Inc., 303 F. Supp. 3d 515, 522-23 (S.D. Tex. 2018); Ford v. ExxonMobil Chem. Co., 235 S.W.3d 615, 618 (Tex. 2007).

Plaintiff argues that the lien against the property was void not voidable such that the four-year limitations period does not apply. Doc. 27 at 5. The documents supporting his motion for partial summary judgment reflect that the parties intended and expected that the terms of the notes would be amended, not that the notes were or would become void. See, e.g., Doc. 22, Ex. C; Ex. D; Ex. E.

Defendant also argues that it owed no fiduciary duty to plaintiff. The court agrees. English v. Fischer, 660 S.W.2d 521, 522 (Tex. 1983); Mfrs. Hanover Tr. Co. v. Kingston Investors Corp., 819 S.W.2d 607 610 (Tex. App.-Houston [1st Dist.] 1991, no writ)(relationship of borrower and lender is not a fiduciary relationship).

B. Statutory Claims

Plaintiff purports to assert a claim under section 53.160 of the Texas Property Code. Chapter 53 of the Property Code applies to mechanic's, contractor's, and materialman's liens and not to

mortgage liens. Plaintiff has no cause of action under the cited provision.

Plaintiff also purports to assert claims under the Texas Penal Code. Plaintiff does not have standing to pursue violations of the criminal statutes. Clark v. Bank of Am., N.A., No. SA-13-CA-281-FB, 2014 WL 12580443, at *3-4 (W.D. Tex. Mar. 20, 2014); Purported Lien or Claim Against Yolanda Bond v. Barrett Daffin Frappier Turner & Engel, LLP, No. G-12-188, 2013 WL 1619691, at *10 (S.D. Tex. Mar. 22, 2013).

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiff's claims against defendant be, and are hereby, dismissed with prejudice.

The court ORDERS that plaintiff's motion for partial summary judgment be, and is hereby, denied.

SIGNED October 24, 2019.

_____
JOHN McBRYDE
United States District Judge